UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN A. ROBBINS,[1]

      Petitioner,

v.                                    Case No.  3:14cv559/MCR/CJK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the state court record.  (Docs. 16, 17).  Petitioner replied.  (Doc. 21).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The

_____

[1] Petitioner's judgment of conviction reflects his full name as "John Anderson Robbins a/k/a John Anderson Robinson".  (Doc. 17, Ex. B).

undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to habeas relief, and that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On July 21, 1977, petitioner was charged in Escambia County Circuit Court Case No. 77-1945, with first-degree premeditated or felony murder (Count 1) and armed robbery (Count 2).  (Doc. 17, Ex. A).[2]  Petitioner went to trial and was found guilty by jury verdict of both counts as charged.  (Ex. B).  Petitioner was adjudicated guilty and sentenced on February 9, 1978, to consecutive terms of natural life in prison.  (Ex. B).  The Florida First District Court of Appeal (First DCA) affirmed the judgment on April 26, 1979.  *Robbins v. State*, 370 So. 2d 420 (Fla. 1st DCA 1979).  The Florida Supreme Court denied certiorari on January 15, 1980.  *Robbins v. State*, 381 So. 2d 769 (Fla. 1980).

On July 24, 1989, petitioner filed a petition for writ of habeas corpus in the Escambia County Circuit Court.  (Ex. C).  The circuit court denied the petition (Ex. D), and the First DCA affirmed on July 23, 1990.  *Robbins v. State*, 564 So. 2d 256 (Fla. 1st DCA 1990) (copy at Ex. H).

---

[2] All references to exhibits are to those provided at Doc. 17, unless otherwise noted.

On or about July 15, 1993, petitioner filed a federal habeas petition in this court.  (Ex. I).  *See also Robbins v. Singletary*, Case No. 93-30260/WEA, Doc. 1. The petition was dismissed for failure to prosecute on May 4, 1994.  (Exs. J, K).  *See also Robbins v. Singletary*, Case No. 93-30260/WEA, Docs. 10-12.

On October 8, 2007, petitioner filed another petition for writ of habeas corpus in the Escambia County Circuit Court.  (Ex. L).  The circuit court denied the petition (Ex. M), and the First DCA affirmed.  *Robbins v. State*, 999 So. 2d 706 (Fla. 1st DCA 2008) (copy at Ex. P).  The mandate issued January 27, 2009.  (Ex. Q).

On October 28, 2007, petitioner filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a).  (Ex. R).  The state circuit court denied the motion (Ex. S), and the First DCA affirmed, per curiam and without a written decision.  *Robbins v. State*, 999 So. 2d 648 (Fla. 1st DCA 2008) (Table) (copy at Ex. V).  The mandate issued January 27, 2009.  (Ex. W).

On February 11, 2010, petitioner filed another motion to correct illegal sentence under Fla. R. Crim. P. 3.800(a), raising a double jeopardy claim.  (Ex. X). The state circuit court denied the claim on the merits.  (Ex. Y).  The First DCA affirmed, per curiam and without a written decision.  *Robbins v. State*, 42 So. 3d 237 (Fla. 1st DCA 2010) (Table) (copy at Ex. EE).  The mandate issued September 10, 2010.  (Ex. HH).

On January 15, 2011, petitioner filed a motion for clarification of sentence pronouncement requesting that the court "bring resolution in a dispute over the oral pronouncement in whether the Defendant has a twenty-five (25) year minimum mandatory attached to count one, First Degree Murder. . . ." (Ex. II). The state circuit court granted the motion and clarified that petitioner's sentencing transcript made no mention of the 25-year mandatory minimum required by Fla. Stat. § 775.082(1), in the court's oral pronouncement or written sentencing document. (Ex. JJ). The circuit court informed petitioner that if he wished to challenge the legality of his sentence he was free to file a motion under Fla. R. Crim. P. 3.800(a). (*Id*.). Petitioner did not appeal.

On February 25, 2013, petitioner filed a motion to correct illegal sentence under Fla. R. Crim. P. 3.800(a), which he supplemented on May 16, 2013, to add a double jeopardy claim. (Exs. KK, LL). On August 22, 2013, the state circuit court granted the motion in part and denied it in part, as follows:

> THIS CAUSE is before the Court on Defendant's *pro se* "Motion to Correct Illegal Sentence," filed February 27, 2013, pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. On May 9, 2013, Defendant filed a supplemental motion adding a second claim to his motion. The Court, after review of the instant motion, supplement, record, and relevant legal authority, finds that Defendant is entitled to partial relief.
>
> In ground one of his motion, Defendant alleges that his sentence for first-degree murder should be parole-eligible after twenty-five

years.  The Court sent an order to the State to show cause why Defendant should not be afforded relief in this respect.  The State conceded that Defendant's sentence for first-degree murder should be life without parole for twenty-five years.  The Court finds that Defendant's sentence for first-degree murder should be corrected.  *See Menendez v. State*, 976 So. 2d 81 (Fla. 3d DCA 2008).

In ground two, added by the supplemental motion, Defendant alleges that his convictions for felony murder and armed robbery are based upon the same underlying act and cannot, therefore, stand. Defendant's allegation is not cognizable in a motion filed pursuant to rule 3.800.  Such an allegation would be properly addressed in a motion for postconviction relief because Defendant is challenging his convictions rather than his sentences.  *See Figueroa v. State*, 84 So. 3d 1158, 1160 (Fla. 2d DCA 2012) (indicating that a claim challenging a fundamentally defective information is a challenge to one's conviction that is not cognizable in a 3.800(a) motion).  *See also Butler v. State*, 917 So. 2d 244, 245 (Fla. 2nd [sic] DCA 2005) (noting that challenging underlying convictions is appropriate in a motion filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure).  This allegation, therefore, will not be addressed on its merits.

(Ex. NN).  The circuit court directed the clerk of court to correct the sentence on count one of the sentencing document to reflect a sentence of "life imprisonment without eligibility for parole for twenty-five years" instead of simply "life".  (Ex. NN, p. 2).  A corrected judgment was entered August 22, 2013.  (Ex. OO).  Petitioner appealed the trial court's ruling on the double jeopardy claim, arguing that the circuit court erred in "summarily denying relief" on that claim.  (Ex. PP).  The First DCA affirmed on August 18, 2014, per curiam and without a written opinion.  *Robbins v.*

*State*, 149 So. 3d 7 (Fla. 1st DCA 2014) (Table) (copy at Ex. RR).  The mandate issued October 22, 2014.  (Ex. UU).

Petitioner filed this federal habeas petition on October 15, 2014.  (Doc. 1). The petition presents one ground relief with two sub-claims:  (1) petitioner's convictions for felony murder and armed robbery violate the prohibition on double jeopardy and (2) trial counsel was ineffective for failing to move for a judgment of acquittal on, or otherwise raise, the double jeopardy error.  (*Id*., pp. 3-4).  Petitioner asserts he exhausted these claims by presenting them in his Rule 3.800(a) motion filed on February 27, 2013.  (*Id*., p. 4).  Respondent asserts that petitioner is not entitled to relief because (1) although petitioner exhausted his double jeopardy claim by presenting it in his Rule 3.800(a) motion filed on February 11, 2010, the state courts' rejection of the claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law,[3] and (2) petitioner's ineffective assistance claim is procedurally defaulted because petitioner never presented the claim to the state courts.  (Doc.  16, pp. 16, 22).

---

[3] Respondent argues that although petitioner also raised his double jeopardy claim in the May 16, 2013 supplement to his 2013 Rule 3.800(a) motion, the state court declined to address the claim on the merits on the basis of an independent and adequate state law ground – the issue was not cognizable in a Rule 3.800(a) proceeding.  (Doc. 16, pp. 22-23).

## LEGAL STANDARDS

Exhaustion and Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1), thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78.  A claim that was not properly presented to the state court and can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.,* procedurally barred from federal review.  *O'Sullivan*, 526 U.S. at 839-40, 848; *Hittson v. GDCP Warden*, 759 F.3d 1210, 1260 n.56 (11th Cir. 2014) ("Where a return to state court would be futile – because the petitioner's claims would clearly be barred by state procedural rules – a federal court can 'forego the needless judicial ping-pong' and treat unexhausted claims as procedurally defaulted." (*quoting Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998)));

*Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*citing Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). This standard is very difficult to meet:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 327. "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Id*.

Section 2254 Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[4] The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court

---

[4]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

decision embodies the legal principle at issue.  *Thaler v. Haynes*, 559 U.S. 43, 47,

130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); *Woods v. Donald*, — U.S. —, 135 S.

Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) ("We have explained that clearly

established Federal law for purposes of § 2254(d)(1) includes only the holdings, as

opposed to the dicta, of this Court's decisions." (internal quotation marks and

citation omitted)).

　　After identifying the governing legal principle(s), the federal court determines

whether the state court adjudication is contrary to the clearly established Supreme

Court case law.  The adjudication is not contrary to Supreme Court precedent merely

because it fails to cite to that precedent.  Rather, the adjudication is "contrary" only

if either the reasoning or the result contradicts the relevant Supreme Court cases.

*Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding

th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does

not even require awareness of our cases, so long as neither the reasoning nor the

result of the state-court decision contradicts them.").  Where there is no Supreme

Court precedent on point, the state court's conclusion cannot be contrary to clearly

established federal law.  *See Woods*, 135 S. Ct. at 1377 (holding, as to claim that

counsel was *per se* ineffective in being absent from the courtroom for ten minutes

during testimony concerning other defendants:  "Because none of our cases confront

the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)).  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam).  In applying this standard, the Supreme Court has emphasized:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong.  Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington, supra*, at 102-103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376 (*quoting Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)).

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims.  *See Panetti*, 551 U.S. at 954.  Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).  "If this standard is difficult to meet, that is because it was meant to be."  *Richter*, 562 U.S. at 102.

### DOUBLE JEOPARDY CLAIM

Petitioner asserts his convictions and sentences for first-degree felony murder and armed robbery violate double jeopardy principles because "the State was not permitted to use *the same act to prove both an attempted felony murder and the underlying felony of robbery*."  (Doc. 1, pp. 3-4 and Mem.) (emphasis in original).[5]

Petitioner raised this double jeopardy claim in both his Rule 3.800(a) motion filed on February 11, 2010, and in his May 16, 2013 supplement to the Rule 3.800(a) motion he filed on February 25, 2013, although his motions relied on different

---

[5]It is not clear why petitioner mentions *attempted* felony murder rather than the crime of which he was convicted, which is felony murder.

decisional law to support the claim.   Petitioner's present version of the double jeopardy claim is identical to the one raised in his 2013 supplemental Rule 3.800(a) motion, where the court denied relief on the ground that the claim was not cognizable in a Rule 3.800 proceeding.   This court assumes to petitioner's benefit (without deciding), that his present double jeopardy claim is the "same claim" for purposes of the exhaustion requirement, as the claim raised in his 2010 Rule 3.800 proceeding, which was addressed on the merits.

Clearly Established Federal Law

"The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'"  *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 306, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984).   This guarantee is applicable to the states through the Fourteenth Amendment.  *See Benton v. Maryland*, 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969).   The Double Jeopardy Clause embodies three separate guarantees, one of which is protection "against multiple punishments for the same offense."  *Justices*, 466 U.S. at 307-08 (citation and footnote omitted).  "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."  *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S. Ct. 673, 74

L. Ed. 2d 535 (1983); *Albernaz v. United States*, 450 U.S. 333, 344, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1980) ("[T]he question of what punishments are constitutionally permissible is not different from the question of what punishment the Legislative Branch intended to be imposed. Where [the legislature] intended . . . to impose multiple punishments, imposition of such sentence does not violate the Constitution.").

> As the Court stated in *Hunter*:
>
> Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

459 U.S. at 368-69 (referencing the "same elements" test announced in *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), which is the test that applies if no clear legislative intent is evident).  Although federal law governs the question of whether a double jeopardy violation has occurred, federal courts must accept the state court's interpretation of that State's own statutes. *Hunter*, 459 U.S. at 368 ("We are bound to accept the [state] court's construction of that State's statutes.").

<u>Section 2254 Review of State Courts' Decision</u>

Petitioner raised his double jeopardy claim in his Rule 3.800(a) motion filed on February 11, 2010.  (Ex. X).  The state circuit court denied relief on the merits as follows:

> In the instant motion, Defendant argues that he could not be sentenced to both First Degree Murder and Armed Robbery consecutively.  The Defendant's claims are without merit.  Even a defendant convicted under the "felony murder rule" may still be convicted and sentenced for both first degree murder and armed robbery.  <u>See</u> <u>State v. Enmund</u>, 476 So. 2d 165 (Fla. 1985); <u>LeCroy v. State</u>, 533 So. 2d 750 (Fla. 1988); <u>Surace v. State</u>, 476 So. 2d 297 (Fla. 3d DCA 1985); <u>Vause v. State</u>, 476 So. 2d 141 (Fla. 1985).  The Defendant's sentence is not illegal.

(Ex. Y).  The First DCA summarily affirmed.  (Ex. EE).

The state courts' rejection of petitioner's claim was neither contrary to, nor unreasonable application of, clearly established federal law.   In *DeLoach v. Wainwright*, 777 F.2d 1524 (11th Cir. 1985), a habeas petitioner challenged his sentences for both felony murder and the underlying felony (robbery) as contravening the Double Jeopardy Clause.  The Eleventh Circuit denied relief, reasoning:

> We are . . . bound by the Supreme Court of Florida's interpretation of its legislative enactments. . . .  The Supreme Court of Florida has recently considered the exact issue raised by Deloach.  In *State v. Enmund*, 476 So. 2d 165, No. 66264 (Fla. August 29, 1985), *reh. denied*, October 18, 1985, (unpublished), the Supreme Court of Florida found "sufficient intent that the legislature intended multiple

punishments when both a murder and a felony occur during a single criminal episode." Accordingly, under our limited right of review of this issue, we hold that Florida properly convicted and sentenced DeLoach for murder and the underlying felony without violating the double jeopardy clause.

777 F.2d at 1526. The Florida Supreme Court's analysis in *Enmund* explained:

> [W]e conclude that the underlying felony is not a necessarily lesser included offense of felony murder. In *Hunter* the Supreme Court held that even though first-degree robbery and armed criminal action constituted the same offense under *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), Hunter could be convicted of and punished for both crimes. *Blockburger* sets out a test of statutory construction which we used in *Baker* and which the legislature has adopted in subsection 775.021(4), Florida Statutes (1983). The United States Supreme Court, however, has now made it clear that the *Blockburger* rule of statutory construction will not prevail over legislative intent. As stated in *Hunter*:
>
> > Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.
>
> 459 U.S. at 368-69, 103 S. Ct. at 679; *Albernaz*, 450 U.S. at 340, 101 S. Ct. at 1142; *Baker*, 456 So. 2d at 421; *State v. Gibson*, 452 So. 2d 553, 558 (Fla. 1984). We find sufficient intent that the legislature intended multiple punishments when both a murder and a felony occur during a single criminal episode.
>
> We hold that an underlying felony is not a necessarily lesser included offense of felony murder and hereby overrule *Hegstrom*. Therefore, we hold that a defendant can be convicted of and sentenced for both felony murder and the underlying felony.

476 So. 2d at 167-68 (overruling *State v. Hegstrom*, 401 So. 2d 1343 (Fla. 1981));

*see also LeCroy v. State*, 533 So. 2d 750, 754 (Fla. 1988) (relying on *Enmund* to

conclude that defendant could be convicted of and sentenced for both felony murder

and the underlying felony of robbery with a firearm).  This court is bound to accept

the Florida Supreme Court's construction of Florida's statutes.  Where, as here, the

Florida Legislature has specifically authorized cumulative punishment under two

statues, regardless of whether those two statutes proscribe the "same" conduct under

*Blockburger*, this court's task of statutory construction "is at an end and the

prosecutor may seek and the trial court or jury may impose cumulative punishment

under such statutes in a single trial."  *Hunter*, 459 U.S. at 368-69.  Petitioner's

convictions do not violate double jeopardy principles.[6]  *See Hernandez v.

Wainwright*, 634 F. Supp. 241, 251-252 (S.D. Fla. 1986) (holding that Florida

prisoner's convictions for felony murder and armed robbery did not violate double

jeopardy, even though they arose out of the same criminal transaction).

    The cases on which petitioner relies, *Williams v. State*, 83 So. 3d 906 (Fla. 3d

DCA 2012), *abrogated in later appeal*, 182 So. 3d 11 (Fla. 3d DCA 2015); and

*Coicou v. State*, 867 So. 2d 409 (Fla. 3d DCA 2003), *decision quashed*, 39 So. 3d

---

[6] The court would reach this conclusion whether reviewing the claim under § 2254(d), or *de novo*.

237 (Fla. 3d DCA 2010) are inapposite.  The convictions and sentences at issue in *Williams* and *Coicou* were for attempted felony murder and attempted armed robbery (*Williams*), and attempted felony murder and attempted second-degree murder (*Coicou*).  Florida's attempted felony murder statute and sentencing scheme differs from the felony murder statute.  Petitioner is not entitled to federal habeas relief on his double jeopardy claim.

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner claims trial counsel was ineffective for failing to raise the double jeopardy argument discussed above.  Respondent asserts this claim is procedurally defaulted because petitioner failed to present it to the state courts and is procedurally barred from doing so.  (Doc. 16, p. 16).  Petitioner concedes that he failed to present his ineffective assistance claim to the state courts, but argues that his procedural default is excused by the fact that he did not have counsel in any of his postconviction proceedings.  (Doc. 21, p. 1 (*citing Martinez v. Ryan*, 132 S. Ct. 1309 (2012))).

The court need not resolve the exhaustion issue, because petitioner's claim fails on the merits.  28 U.S.C. § 2254(b)(2) ("A application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").  In *Strickland v.*

*Washington*, 466 U.S. 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set out a two-part inquiry for ineffective assistance of counsel claims.  The petitioner must show that (1) his counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced him.  *Id.*, 466 U.S. at 687. "First, petitioner must show that 'counsel's representation fell below an objective standard of reasonableness.  Second, petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Darden v. Wainwright*, 477 U.S. 168, 184, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986) (*quoting Strickland*, 466 U.S. at 668, 694).

As discussed above, petitioner's proposed double jeopardy challenge lacks merit.  Counsel cannot be ineffective for failing to raise a meritless issue.  *Freeman v. Attorney Gen., Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim. . . ."); *see also Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (concluding that counsel was not ineffective for failing to raise issues clearly lacking in merit); *Bolender v. Singletary*, 16 F.3d 1547, 1473 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance.").  The court is aware that the *Enmund* decision represented a change in the Florida Supreme Court's analysis of the double jeopardy issue, and that two prior Florida Supreme Court decisions

supported the double jeopardy argument petitioner faults counsel for not making during his trial.  As explained in *Enmund*, the Florida Supreme Court had earlier held, in *State v. Pinder*, 375 So. 2d 836 (Fla. 1979), that the Fifth Amendment's Double Jeopardy Clause prohibited multiple convictions and sentences in the same trial for both first-degree murder and the underlying felony from which the murder resulted.  After the Supreme Court issued its decisions in *Whalen v. United States*, 445 U.S. 684, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980), and *Albernaz v. United States*, 450 U.S. 333, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1981), the Florida Supreme Court receded from *Pinder* in its decision in *State v. Hegstrom*, 401 So. 2d 1343 (Fla. 1981), and held that *Pinder* improperly relied on successive prosecution cases of the United States Supreme Court (*Brown v. Ohio*, 432 U.S. 161 (1977), and *Harris v. Oklahoma*, 433 U.S. 682 (1977)), instead of properly focusing on "multiple punishment, single trial problems".  *Hegstrom*, 401 So. 2d at 1345.  The *Hegstrom* court held that a defendant could be convicted of both felony murder and the underlying felony, but that he could not be sentenced for both.  *Id*. at 1345-46.  After the United States Supreme Court issued *Hunter, supra*, the Florida Supreme Court overruled *Hegstrom*, and held that an underlying felony is *not* a necessarily included offense of felony murder, and that the Florida Legislature specifically authorized

multiple punishments when both a murder and a felony occur during a single criminal episode. *Enmund*, 476 So. at 167-68.

The problem for petitioner is that his criminal proceeding did not fall within the narrow window when *Pinder* and *Hegstrom* were good law – those cases were decided <u>after</u> petitioner was charged, convicted and sentenced.  At the time of petitioner's criminal proceeding, neither the Florida Supreme Court nor any Florida District Court of Appeal, including the First DCA, had held that the Double Jeopardy Clause barred a Florida defendant from being convicted and sentenced for both felony murder and the underlying felony.  Counsel cannot be ineffective for failing to anticipate the *Pinder* and *Hegstrom* decisions, or for failing to make an argument based on a prediction of how the law would develop.  In the Eleventh Circuit, there is a "wall of binding precedent which shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel." *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (citations omitted); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) ("To be effective within the bounds set by *Strickland*, an attorney need not anticipate changes in the law."); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.");

*Funchess v. Wainwright*, 772 F.2d 683, 691 (11th Cir. 1985) ("The failure of counsel to anticipate that an otherwise valid jury instruction would later be deemed improper by the state judiciary does not constitute ineffective assistance of counsel."). Petitioner is not entitled to relief on his ineffective assistance claim.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).   Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. John Anderson Robbins a/k/a John Anderson Robinson*, Escambia County Circuit Court Case No. 77-1945, be DENIED.

2.  That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 10th day of June, 2016.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.   A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.